**William A. KUNEMAN; Billie Claire Kuneman, Plaintiffs–Appellants,**

v.

**REDWOOD OIL CO.; et al., Defendants—Appellees.**

No. 01–16405.

D.C. No. CV–00–00465–LKK(DAD).

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM**

William A. Kuneman and Billie Claire Kuneman appeal pro se district court's order dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), their action brought under the Comprehensive Environmental Response

---

the Kunemans' request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Compensation and Liability Act of 1980 ("CERCLA"), alleging that Redwood Oil Company and other defendants contaminated their water supply. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996), and we affirm.

The Kunemans alleged that gasoline spills contaminated their property and water supply. The district court properly dismissed the Kunemans' CERCLA claims because CERCLA specifically excludes petroleum from its definition of "hazardous substances" and this court has held that the petroleum exclusion applies to refined and unrefined gasoline. *See* 42 U.S.C. § 9601(14); *Wilshire Westwood Assoc. v. Atl. Richfield Corp.*, 881 F.2d 801, 810 (9th Cir.1989).

We deem abandoned the Kunemans' claim under the Resource Conservation and Recovery Act because they do not raise it in their opening brief. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.), *cert. denied*, 531 U.S. 929, 121 S.Ct. 309, 148 L.Ed.2d 247 (2000).

The Kunemans' remaining contentions lack merit.

**AFFIRMED.**